[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On March 18, 1997, the petitioner filed a petition for a writ of habeas corpus claiming that his confinement is illegal because the disciplinary proceeding utilized by the respondent violated the petitioner's right to due process. More specifically, the petitioner alleges that his due process rights were violated because the individual who wrote the disciplinary report also signed as shift commander and delivered the disciplinary report to the petitioner. The petitioner's claims arise out of two disciplinary reports issued to the petitioner on November 26, 1997. The respondent denies these allegations and raises as a defense the fact that the petitioner pleaded guilty to both disciplinary violations and thus waived his right to challenge the propriety of the disciplinary reports.
The petitioner received two separate disciplinary reports on November 26, 1997. The first disciplinary report charged the petitioner with impeding order, a charge arising out of a correction officer observing the petitioner grabbing food from a pan while moving through a serving line. Resp't Ex. B, at 3. As a result of the impeding order violation, the petitioner was placed in punitive segregation. While the petitioner was being placed in punitive segregation, the inmate made several verbal threats; Resp't Ex. A, at 3; which resulted in the issuance of the second disciplinary report charging the petitioner with the offense of threats. Resp't Ex. A, at 1.
The first disciplinary process summary report indicates that the petitioner pleaded guilty and received the following sanctions: seven (7) days punitive segregation and the loss of forty-five (45) days of good time, as well as two other sanctions. Resp't Ex. B, at 1. The disciplinary report bears an inmate signature "William Wright" dated November 27, 1997. Id., at 4. The second disciplinary process summary report shows that petitioner also pleaded guilty and received the following sanctions: seven (7) days punitive segregation and the loss of forty-five (45) days of good time, as well as three other sanctions. CT Page 378 Resp't Ex. A, at 1. The second disciplinary report also bears an inmate signature "William Wright" dated November 27, 1997. Id., at 4. The total good time forfeited was ninety (90) days. The petitioner could not, by operation of the guilty pleas, appeal either of the disciplinary reports to the warden.
This court will first address the defense that the petitioner waived his right to challenge the propriety of the disciplinary reports by pleading guilty. The respondent argues that the standard which is applicable for guilty pleas in criminal proceedings should also apply in prison disciplinary proceedings in which an inmate pleads guilty. "A defendant who pleads guilty unconditionally admits his guilt and waives his right to appeal all non-jurisdictional contentions with regard to his conviction. It necessarily follows that an inmate who pleads guilty in a prison disciplinary proceeding likewise waives his right to collaterally attack the guilty finding." Resp't Br., at 7.
At the habeas corpus trial, the petitioner testified that he pleaded no contest to the charges because he did not have a chance to prepare himself. Tr. (Sept. 11, 2002), at 15. The petitioner also testified that when he was asked whether he wanted to plead guilty or not guilty, that he stated "no contest" and walked out of the room. Id. The petitioner repeatedly and consistently denied pleading guilty to both disciplinary reports. Id., at 15-16, 25 and 27. The petitioner also testified that the signature at the bottom of the impeding order disciplinary report was not his signature. Id., at 26-27.
Near the end of the second page of each of the two disciplinary reports is a signature block in which the inmate must sign when entering a guilty plea. Resp't Ex. A, at 4; Resp't Ex. B, at 4. Such signature acknowledges that the guilty plea is being voluntarily entered and waives the inmate's right to appeal the disciplinary report. Id. The petitioner denies pleading guilty and disavows the signature as being his signature. This court has reviewed the disciplinary reports, in particular the two signatures toward the end of each of the two disciplinary reports. A comparison of the two signatures in the inmate signature blocks, dated November 27, 1996, shows that the two signatures are very distinct from the petitioner's signatures on the pro se petition for a writ of habeas corpus and the supporting financial affidavit.[1]
Based upon the foregoing, this court finds credible the petitioner's testimony that the signature on the disciplinary report is not his. This court also finds credible the petitioner's testimony that he did not want to, and did not, plead guilty to the two disciplinary reports. The petitioner's guilty pleas cannot, therefore, be considered to voluntarily CT Page 379 entered into by the petitioner and are vacated.
Consequently, the petition seeking habeas corpus relief is granted to the extent that the respondent is hereby ordered to remove these two disciplinary reports from the petitioner's records and restore ninety (90) days of good time to the petitioner's controlling sentence.
 ___________________ BARRY, JUDGE TRIAL REFEREE